UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:19-CR-27 |
| | ) | |
| SCOTT M. TRISCHLER | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM,**
**AND OBJECTION TO PRE-SENTENCE REPORT FINDINGS**

COMES NOW the Defendant, Scott M. Trischler, by Counsel, Robert W. Gevers, II, and files his Memorandum requesting the Court adopt the sentence of 15 years (180 months) as agreed upon by the parties in the plea agreement (Document No. 2) filed in this cause. Such a sentence is the statutory minimum under 18 U.S.C. 2251(a) and (e), and is sufficient, but not greater than necessary, to comply with the statutory directives set forth in Title 18, United States Code Section §3553(a).

18 U.S.C. §3553(a) sets forth the following items as factors to be considered in reaching an appropriate sentence: 1) The nature of the circumstances and the offense; 2) The history and characteristics of the Defendant; 3) The need for the sentence imposed to: a) reflect the seriousness of the offense, b) promote respect for the law, c) provide just punishment for the offense, d) protect the public from further crimes of the defendant, and e) provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; 4) the kinds of sentences available; 5) the advisory United States Sentencing Guidelines; 6) any pertinent policy statements issued by the United States Sentencing Commission; 7) the need to avoid unwarranted sentence disparities; and 7) the need to provide restitution to the victims of the offense.

1

Violation of 18 U.S.C. §2251(a) and (e) carries a minimum mandatory term of imprisonment of fifteen years.  In addition to the prison term, a person convicted under this section may also be fined up to $250,000.00, be required to complete a period of mandatory supervised release ranging from five years to life, be required to make restitution, be subject to property forfeiture, and be required to pay a $100.00 Special Assessment.

## DEFENDANT'S OBJECTIONS TO PROBATION'S SPECIFIC OFFENSE CHARACTERISTIC FINDINGS

Mr. Trischler objects to the following finding by probation regarding alleged specific characteristic offenses in this cause:

Mr. Trischler objects to the proposed two point enhancement in his sentence for use of a computer.  Use of a computer is inherent in this type of offense and nearly all actions of such offense stem from use of a computer.  To enhance Mr. Trischler's sentence for use of the only realistically employed means of committing such an offense would be akin to enhancing a sentence for operating while intoxicated because it involved the operation of a motor vehicle.  While there are technically other means through which an offender might obtain pornographic images of children, or communicate with and receive images from children, the nature of the offense in this era is defined by the use of a computer.  For this reason, Mr. Trischler objects to the two point enhancement in the offense level on the basis of use of a computer in the perpetration of the offense.

Furthermore, the United States Sentencing Commission has released its report to Congress on Federal Child Pornography Offenses, and found that this enhancement applied in 96.2 percent of cases – making the enhancement a routinely applied increase

which means its status as an aggravator is minimal. United States Sentencing Commission, Report to Congress on Federal Child Pornography Offenses, December 2012, page 316.

The Defendant respectfully requests that the Court find the two level enhancement to Defendant's Offense Level Computation suggested by Probation in the Pre-Sentence Report is not properly included in an accurate calculation of the Defendant's actual Offense Conduct. Whether the Court accepts or rejects this enhancement does not affect the fifteen year sentence.

## ANALYSIS OF 18 U.S.C. 3553(a) FACTORS AS TO THE DEFENDANT

1. The History and Characteristics of the Defendant

Mr. Trischler, 25 years old, stands before this Court having *no* prior criminal convictions nor arrests or other criminal conduct and without any simultaneously pending charges. Mr. Trischler's family has deep ties to the area and Mr. Trischler has lived in Fort Wayne most of his life. Prior to his present offense, Mr. Trischler lived a quiet life with stable and gainful employment. His entire life, he has had minimal use or abuse of controlled substances.

Mr. Trischler suffers from medical and physical ailments as detailed in the Presentence Report (paragraphs 71-72) and confirmed by his mother. He is prescribed medications.

2. The Need for the Sentence Imposed to Reflect the Seriousness of the Offense

At a minimum, Mr. Trischler will serve fifteen years for the offense and up to life. and will thereafter be subject to a minimum five years supervised release. The stigma

3

attached to the offense Mr. Trischler has pled guilty to will restrict his housing options, his employment opportunities, and likely his health and safety. It is unclear how any person could find that any statutorily compliant punishment assessed Mr. Trischler would fail to reflect the seriousness of his offense.

    3. <u>The Need for the Sentence Imposed to Promote Respect for the Law</u>

Any sentence allowed for by statute would clearly send the message to others that hear of Mr. Trischler's punishment that the United States Government will take stern and severe action towards those who attempt to exploit minors. Nearly any law abiding person would find the possibility of an extensive period of prison, followed by the possibility of monitored supervision for life, the loss of property, extensive fines, and supervised release to be a clear indication and a clear deterrent against engaging in the type of behavior to which the Defendant has admitted.

    4. <u>The Need for the Sentence Imposed to Provide Just Punishment</u>

Upon the imposition of final sentence in this matter, Mr. Trischler will face no less than fifteen years in prison and additional supervised release, will have forfeited assets, and incurred substantial costs to his reputation, his ability to live where he has lived or wants to live, his ability to have contact with children, and his simple freedom to go where he wants to go when he wants to go there.

    5. <u>The Need for the Sentence Imposed to Protect The Public from Future Crimes of the Defendant</u>

Perhaps no category of crimes has laws on the books more readily addressing the need to protect the public at large and potential victims in particular from perpetrators than sex offenses against children. Mr. Trischler will effectively be ostracized from

society. Mr. Trischler will be prohibited from living near places children congregate, will not be allowed to work or volunteer in fields dealing extensively with children, will be required to register as a sex offender thereby notifying any person who so chooses to inquire of Mr. Trischler's crime. Mr. Trischler will be required to undergo sex offender screening and will likely face intensive treatment for the same, and Mr. Trischler will be restricted in his access of the internet and other forms of communication in an effort to prevent a repeat offense.

6. The Need for the Sentence Imposed to Provide the Defendant with Effective Correctional Treatment

Mr. Trischler will be required to undergo sex offender evaluation and classification as part of his sentence. Mr. Trischler's sentence effectively provides correctional treatment by making clear the consequences of his actions and providing disincentive for him to engage in any repeat or further illegal activity.

The Sentencing Commission is again instructive. In its most recent report, the Commission endorses studies which indicate that psycho-sexual treatment may be effective in reducing recidivism. Such an approach is labeled the "containment model" and is now widely considered a best practice. United States Sentencing Commission, Report to Congress on Federal Child Pornography Offenses, December 2012, pages 318.

**CONCLUSION**

In light of the above and foregoing, Mr. Trischler, by Counsel, Robert W. Gevers, II, respectfully requests that the Court sentence Mr. Trischler to a sentence of 180 months and the statutorily prescribed five year minimum supervised release period, no fine, and the $100 Special Assessment. In light of Mr. Trischler's financial condition as detailed in

the presentence report, paragraphs 76-78, Mr. Trischler does not have the means to pay a fine and respectfully requests that the Court impose no fine.  Mr. Trischler further requests the Court recommend Bureau of Prisons placement in a facility close to Northeast Indiana. Additionally, Mr. Trischler has reviewed the proposed conditions of supervision and has no objections to same.

Respectfully Submitted,

/s/ Robert W. Gevers, II
Attorney for Defendant
809 S. Calhoun St., Suite 600
Fort Wayne, IN, 46802
260-407-7071
Fax:  260-407-7073
rg@geverslaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing pleading was served by electronic mail on this 30th day of August, 2019, to:

Ms. Stacey Speith
Asst. United States Attorney
United States District Court
stacey.speith@usdoj.gov

/s/ Robert W. Gevers, II
Robert W. Gevers, II