UNITED STATES DISTRICT COURT
NORTHISN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:19-CR-27 |
| | ) | |
| SCOTT M. TRISCHLER | ) | |

### GOVERNMENT'S SENTENCING MEMORANDUM

Comes now, the United States of America by its attorney, Stacey R. Speith, Assistant United States Attorney, and files its Sentencing Memorandum. The Government agrees with the PSIR that Mr. Trischler's Total Offense Level is 35 [PSIR ¶55] and his Criminal History Category is I [PSIR ¶59]. Based on Mr. Trischler's offense level and criminal history category the guideline range of imprisonment is 168 to 210 months [PSIR ¶82]. However, based on the offense of conviction, Mr. Trischler faces a mandatory minimum sentence of 180 months imprisonment, so his guideline range is 180-210 months. In the plea agreement, the Government agreed to recommend a sentence of 180 months imprisonment.

Mr. Trischler objects to the two level enhancement applied to his guideline range pursuant to U.S.S.G. § 2G2.1(b)(6)(B), for Use of a Computer or Interactive Computer Service. Mr. Trischler argues that using a computer is inherent in this type of offense, and therefore, the application of this enhancement is, in essence, duplicative punishment. Mr. Trischler entered a

plea of guilty to Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251. The use of a computer is not an element of this offense, and therefore it is not double punishment to include it as an enhancement to his guideline range.

Mr. Trischler also argues that using a computer is the only realistic means of committing the offense and therefore the application is unfair. As Mr. Trischler points out, there are other ways to commit his offense that do not involve using a computer, unlike the example he provided of operating a vehicle while intoxicated which necessary requires a person to operate a motor vehicle. While in today's electronic world, using a computer may be the preferred method of committing this offense, it is not the only method. Using a computer connected to the internet to commit the offense is deserving of an enhancement, because it anonymizes the crime. The fact that an individual can commit this offense from the comfort and security of their home without outwardly exposing their criminal activity makes their offenses harder to detect and prosecute. Offenders can and often do use fake monikers to commit their offense. Often victims are unaware of who exactly they are communicating with. A victim could believe they are communicating with a person close to their own age, when in fact, the individual could be and most often is much older than they portray themselves to be online. In addition, using the internet to commit the offense, rather than committing the offense

2

in person, makes it more likely that the perpetrator can avoid detection, as the victim cannot identify the predator to whom they are communicating.

Using a computer and the internet also allows perpetrators who otherwise would not have access to children, able to interact and communicate secretly with children. While parents should and often do monitor their children's online activities, it is sometimes difficult to do so and therefore the number of children who are susceptible to exploitation by adults is higher today than before the age of computers and the internet. Finally, this very objection to the application of § G2.1(b)(6) was made in *United States v. Timothy Gilmore, 1:16-CR-41* and it was rejected by Chief Judge Springmann. The Government believes that the probation department correctly applied the enhancement for use of a computer in calculating Mr. Trischler's guideline range.

Pursuant to 18 U.S.C. § 3553, the court should consider the nature and circumstances of the offense and the history and character of the Defendant in determining the appropriate sentence. Further, the court shall impose a sentence that is sufficient but not greater than necessary to: A) reflect the seriousness of the offense, promote respect for the law, and provide just punishment; B) afford adequate deterrence to criminal conduct; C) protect the public from further crimes of the Defendant; and D) to provide the defendant

3

with needed educational or vocational training, medical care, or other correctional treatment in an effective manner.

There are aggravating and mitigating factors that the Government would like the Court to consider when sentencing Mr. Trischler. The nature and circumstances of the offense are an aggravator. Mr. Trischler began communicating with the victim was she was 12 years old. Mr. Trischler used the moniker "Dan Graal." They met on an on-line social game for which Mr. Trischler was the administrator. Initially, Mr. Trischler did not know the victim's true age. However, once he found out, he continued to communicate with her. As a further aggravator is the fact that in January 2018, Mr. Trischler was confronted by the victim's mother and advised to have no further contact with her daughter. However, Mr. Trischler continued to communicate with the victim and set up a phone number through a texting app with a California area code. Mr. Trischler began using the name Matthew to communicate with the victim and set up a cover story in order to fool her mother.

There are mitigating factors in this case as well. Mr. Trischler has zero criminal history points. He has had no prior involvement with law enforcement either as a juvenile or as an adult. Most significantly, from the outset, Mr. Trischler did not deny his guilt. When interviewed by agents on

March 29, 2018, when a search warrant was executed at his residence, Mr. Trischler admitted to his criminal conduct. Mr. Trischler was not arrested at that time as the investigation continued. Despite the fact that Mr. Trischler knew he was under federal investigation he did not flee or attempt to obstruct justice.

Mr. Trischler was charged by complaint in Eastern District of California in January 2019 and subsequently indicted in February. He was arrested in Indiana. Mr. Trischler did not deny his guilt or request extradition to California to fight the charges, but consented to a transfer of the case to Indiana for the purpose of entering a guilty plea pursuant to a plea agreement. Mr. Trischler then entered that plea of guilty in March 2019. By doing so, Mr. Trischler saved the Government the expense of a trial, but more importantly saved the victim from having to testify at a trial. Mr. Trischler's decision to plead guilty has resulted in an expeditious resolution to this case, sparing the victim long drawn out court proceedings.

Taking into account the aggravating and mitigating factors in this case, the Government feels that a term of imprisonment of one-hundred eighty months (180) imprisonment, followed by five (5) years of supervised release, is a sentence sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).

Wherefore, the Government asks the Court to accept the plea agreement and sentence Mr. Trischler to one hundred eighty (180) months imprisonment, followed by five (5) years of supervised release.

Respectfully submitted,

THOMAS L. KIRSCH, II
UNITED STATES ATTORNEY


By:   */s/ Stacey R. Speith*
      Stacey R. Speith
      Assistant United States Attorney
      E. Ross Adair Federal Bldg.
      & U.S. Courthouse
      1300 S. Harrison Street, Room 3128
      Fort Wayne, IN 46802-3489
      Telephone: (260) 422-2595
      Facsimile:   (260) 426-1616
      E-mail Address: Stacey.speith@usdoj.gov