UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>**SCOTT MATTHEW TRISCHLER**<br><br>　　　　　　Defendant. | **CASE NUMBER: 1:19CR27-001**<br>**USM Number: 17842-027**<br><br>**ROBERT W GEVERS**<br>**DEFENDANT'S ATTORNEY** |

### JUDGMENT IN A CRIMINAL CASE

**THE DEFENDANT** pled guilty to Count 1 of the Indictment on 5/16/2019.

**ACCORDINGLY,** the Court has adjudicated that the Defendant is guilty of the following offense:

| Title, Section & Nature of Offense | Date Offense Ended | Count Number |
|---|---|---|
| 18:2251(a) and (e):  SEXUAL EXPLOITATION OF A MINOR AND ATTEMPT | March 28, 2018 | 1 |

The Defendant is sentenced as provided in pages 2 through 7 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 2 and 3 of the Indictment are DISMISSED on Government motion.

IT IS ORDERED that the Defendant must notify the United States Attorney for this District within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the Defendant must notify the Court and United States Attorney of any material change in economic circumstances.

October 28, 2019
Date of Imposition of Judgment

s/ Holly A. Brady
Signature of Judge

Holly A. Brady, Judge, U. S. District Court
Name and Title of Judge

October 28, 2019
Date

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **180 MONTHS.**

The Court makes the following recommendations to the Bureau of Prisons:

1. That the Defendant serve his term of imprisonment at a federal facility in Lexington, Kentucky, Ashland, Kentucky, or Fulton, Ohio to facilitate visitation with family and friends.

2. That the Defendant participate in residential re-entry programs specific to his needs, as available under the First Step Act.

3. That the Defendant be assessed for participation in the Evidence Based Recidivisim Reduction Program (pursuant to the First Step Act) as well as any recidivism programs developed or to be developed under 34 U.S.C. § 605.

The Defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

 Defendant delivered _____ to _____ at _____, with a certified copy of this Judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the Defendant shall be on supervised release for a term of **5 YEARS.**

## CONDITIONS OF SUPERVISED RELEASE

**While the Defendant is on supervised release pursuant to this Judgment, the Defendant shall comply with the following conditions as required by 18 U.S.C. § 3583(d):**

1. The Defendant shall not commit another Federal, State, or local crime, during the period of supervision.

2. The Defendant shall not unlawfully possess a controlled substance.

3. The Defendant shall refrain from any unlawful use of a controlled substance.

4. The Defendant shall submit to a drug test within 15 days of release on supervision.

5. The Defendant shall submit to at least two periodic tests thereafter for use of a controlled substance.

6. The Defendant shall cooperate in the collection of a DNA sample from the Defendant, if the collection of such a sample is authorized pursuant to Section 3 of the DNA Analysis Backlog Elimination Act of 2002 and 42 U.S.C. § 14135a.

7. The Defendant shall register under the Sex Offender Registration and Notification Act and comply with the requirements of that act.

**The Defendant shall comply with the following discretionary conditions as provided by 18 U.S.C. §§ 3563(b)(1)-(23) and 3583(d):**

8. The Defendant shall not knowingly leave the federal judicial district of the Northern District of Indiana, unless granted permission to leave by the Court or a probation officer. A map of the federal judicial district of the Northern District of Indiana and its 32 counties can be found at the website for United States Probation and Pretrial Services. (http://www.innp.uscourts.gov/offices).

9. The Defendant shall report in person to the probation office in the district to which the Defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The Defendant shall report to the probation officer as reasonably directed by the Court or the probation officer.

10. The Defendant shall answer inquiries by a probation officer pertaining to his supervision and notify the probation officer within 72 hours of any change in place of residence or change of employer. This condition does not prevent the Defendant from invoking his Fifth Amendment privilege against self-incrimination.

11. The Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

12. Defendant must allow the probation officer, or designee, to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) and cell phone he uses. The Defendant must pay the cost of the monitoring software and installation, if financially able to do so, at the monthly contractual rate.

13. The Defendant shall permit a probation officer to visit him at his home between the hours of 8:00 AM to 8:00 PM. A probation officer can make an oral or written request to the Court to allow for a reasonable alternative time period or place for the visit.

14. The Defendant shall make reasonable effort to maintain employment at a lawful occupation, unless excused by the probation officer for acceptable reasons (e.g., schooling, training, child care, elder care, disability, age, or serious health condition) or shall pursue a course of study or vocational training that will equip the Defendant for employment at a lawful occupation.

15. The Defendant shall perform 20 hours per week of community service, not to exceed 400 hours, if the Defendant is unemployed for a time period exceeding 60 days within the first year of supervised release.

16. The Defendant shall not knowingly possess a firearm, destructive device, or any other dangerous weapon.

17. The Defendant shall, if required to register under the Sex Offender Registration and Notification Act, submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

**The Defendant shall comply with the following discretionary conditions as provided by U.S.S.G. § 5D1.3:**

18. The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency, without the permission of the Court.

19. The Defendant shall participate in sex offender testing and evaluations to include psychological, behavioral assessments and/or polygraph examinations. The Defendant shall enter and attend sex offender specific group and individual counseling at an approved outpatient treatment program, if warranted from the test, evaluation and assessments, and shall abide by all program requirements and restrictions.

20. The Defendant shall pay all or part of the costs for participation in the program not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this Court. Failure to pay due to financial inability shall not be grounds for revocation unless the failure is willful.

21. The Defendant shall make restitution in accordance with 18 U.S.C. §§ 2259 (Sexual Exploitation of Children). If there is a court-established payment schedule for making restitution or paying the assessment, the defendant shall adhere to the schedule. A Defendant's default on the payment on the restitution may result in revocation and penalties being ordered under 18 U.S.C. § 3613A.

## DIRECTIVE TO PROBATION

Within 72 hours of Defendant's release from prison, the probation officer is to meet with and remind the Defendant of the conditions of his supervision and also to consider whether to recommend to the Court any modifications of or additions to those conditions in light of any changes in the Defendant's circumstances since the sentencing hearing. Consistent with *United States v. Siegel* (7th Cir. May 29, 2014), the Court also directs the Probation Office to notify the Court within 30 days of Defendant's placement on supervision so that it may consider any appropriate modifications to the Defendant's supervised release and schedule a hearing on that topic, if necessary. The Defendant may also request a modification of these conditions at any time by filing a written motion with the Court.

## CRIMINAL MONETARY PENALTIES

The Court finds that the Defendant does not have the ability to pay a fine and waives the imposition of a fine in this case due to the Defendant's inability to pay.

The Defendant is also subject to the provisions of the Justice for Victims of Trafficking Act of 2015. In addition to the assessment imposed under § 3012, the Court will order that the Defendant pay an assessment in the amount of $5,000.00.

The Court **ORDERS** the Defendant to pay the special assessment of $ 100.00 to the U.S. District Court Clerk's Office, 1108 E. Ross Adair Courthouse, 1300 South Harrison Street, Fort Wayne, IN 46802, which shall be due immediately.

| **Total Assessment** | 1. **Total Fine** | **Total Restitution** | **Total JVTA Assessment*** |
|---|---|---|---|
| $100.00 | 2. NONE | TO BE DETERMINED | $5,000.00 |

The Defendant shall receive credit for all payments previously made toward any criminal monetary payments imposed.

## RESTITUTION

The restitution amount will be determined within 90 days.

** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____    _____
Defendant                                                                              Date


_____    _____
U.S. Probation Officer/Designated Witness                              Date